**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | |
| | | **Case No.: RDB-20-75** |
| **DOMINIC ENGLAND,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Pending before me is the defendant Dominic England's Motion to Reconsider Motion for Detention Hearing, ECF No. 23, which he filed on June 3, 2020.  The government filed an opposition to the pending motion on June 11, 2020, ECF No. 25.  There will be no hearing.  The motion is denied.

On February 25, 2020, England was charged by indictment with conspiracy to distribute and possess with intent to distribute in violation of 21 U.S.C. § 846 (Count I) and possession with intent to distribute and distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) (Counts 3–5).  ECF No. 1.  On March 19, 2020, England appeared for his initial appearance and consented to detention.  On April 20, 2020, England filed an emergency motion for a detention hearing, ECF No. 15, and he filed a supplement to his motion on May 7, 2020, ECF No. 19.  The government filed responses to the motion and the supplement on April 22 and May 8, 2020, ECF Nos. 18, 20.

On May 11, 2020, I presided over a detention hearing conducted via videoconference. After considering the pre-hearing filings, the Pretrial Services Report and an April 28, 2020 Addendum, the proffers and arguments from counsel, the state of affairs with respect to COVID-19 at the D.C. Jail/Correctional Treatment Facility ("CTF"), and the defendant's proposed release

plan, I issued an Order of Detention, ECF No. 22.  I found by clear and convincing evidence that England's release would pose a danger to the community and that there were no condition or combination of conditions that would reasonably assure the safety of the community.  I stated my reasons on the record, and I listed my findings in the Order of Detention:

> The conspiracy to distribute narcotics charge against Mr. England triggers a rebuttable presumption of detention.  According to the government's proffer and the indictment, Mr. England and his co-defendants conspired to distribute fentanyl, heroin, and cocaine base.  Mr. England is charged with three counts of distribution of these narcotics.  He is allegedly responsible for distribution of 40 grams or more of fentanyl.  When he was arrested, Mr. England possessed in his car a firearm and ammunition that he was prepared to sell to an undercover agent.  The evidence consists of search warrant seizures of contraband, wiretaps, and controlled purchases.  Mr. England has prior convictions for CDS possession with intent to distribute (2008), for which he violated his probation; possession of firearm (2011): currency: manufacture counterfeit (2011); second degree assault (2014); and disorderly conduct (2016).  The proposed third-party custodian, Mr. England's girlfriend, is not suitable under these circumstances.  He was living with her when he allegedly committed these crimes, and the nature of their relationship does not reasonably assure me that she would report violations of release conditions.

*Id.*

In the pending motion, England seeks to reopen the detention hearing because he now proposes a different third-party custodian, his biological mother.  Def.'s Mot. ¶ 6.  Under Section 3142(f), a detention hearing

> may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

England has not met the requirements necessary to reopen the detention hearing.  He has not shown that his biological mother's availability as a potential third-party custodian was "not known" to him at the time of the detention hearing.  Furthermore, he has not shown that the

unsuitability of his girlfriend as a proposed third-party custodian was the primary reason for detention such that a new custodian would have a material bearing on the detention decision. The unsuitability of his proposed third-party custodian was one of several reasons for detention. Those reasons included his prior criminal history and his poor performance on supervision. He was convicted of possession with intent to distribute narcotics in 2008 and possession of a firearm in 2011. More recently, he was convicted of disorderly conduct in 2016. He was found in violation of probation in 2010. His probation has been closed unsatisfactorily twice. On several occasions, he has been charged with crimes while on probation or pretrial release for other crimes. The Pretrial Services Report indicates he has failed to appear for court on several occasions.[1]

The reasons for detention also included the nature and circumstances of the offense. England, along with five co-defendants, is charged conspiring to sell heroin, cocaine base, and fentanyl in 2019. England also has been charged with distribution of fentanyl on three distinct occasions. Although England is not charged with possession of a firearm, he allegedly obtained a firearm to sell to an undercover officer. A firearm and ammunition were found in the glove compartment of the car he drove to meet the undercover officer for a firearm and narcotics sale.

At the detention hearing, I considered the COVID-19 situation at CTF and England's physical condition. Today, the COVID-19 situation appears better than it was when the detention hearing was held on May 11. According to recent reports from U.S. Marshals, the number of positive tests among CTF detainees has declined in recent weeks and the vast majority of those detainees who have tested positive have recovered and returned to general population. Moreover,

---

[1] On some of these occasions, it appears that England was incarcerated on other charges, which would have prevented his appearance in court. On at least two occasions, however, it does not appear that England was detained when he failed to appear for a court appearance.

England is 28 years old and does not report an underlying health condition that might make him more susceptible to serious illness if exposed to the virus.

Finally, having considered all of the Bail Reform Act factors and the COVID-19 situation at the jail, I considered the proposed release plan.  At the hearing, I did not find his girlfriend a suitable third-party custodian, because he was living with her when he allegedly committed these offenses and because I was not confident that the nature of their relationship would lend itself to her reporting violations of release conditions to the Court.  England's new proposed custodian, his biological mother, may be more suitable than his girlfriend, but my decision to detain England did not turn solely on the availability of a suitable third-party custodian.

In conclusion, there is no basis to reopen the detention hearing because England has not shown that his new proposed third-party custodian was unknown to him as a custodial option at the detention hearing.  Even if he could make such a showing, I still find that, after consideration of all of the factors in the Bail Reform Act, England's release would pose a danger to the community.  I further find that given his repeated poor performance while under court supervision in the past, there is no condition or combination of conditions that would reasonably assure the safety of the community.

Insofar as England asks for temporary release "until the danger of this pandemic has subsided," Def.'s Mot. 2, the Court may permit temporary release to a third-party custodian on a determination that "such release [is] necessary" for a "compelling reason."  18 U.S.C. § 3142(i). To determine whether the COVID-19 pandemic presents a "compelling reason" to release a defendant temporarily, the Court considers

> the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail

Reform Act factors, rises to the level of a 'compelling reason' for temporary release under 18 U.S.C. § 3142(i).

*United States v. Creek*, No. 20-4251 (4th Cir. Apr. 15, 2020), ECF No. 402 in *United States v. Creek*, No. CCB-19-36 (D. Md.).  In this analysis, "the court must still consider the danger to the community or risk of flight that would be posed by the defendant's release as analyzed under the factors set forth in 18 U.S.C. § 3142(g)."  *United States v. Creek*, No. CCB-19-36, 2020 WL 2097692, at *3 (D. Md. May 1, 2020).  "The defendant bears the burden of demonstrating a compelling reason."  *Id.*

England has not met his burden of establishing a compelling reason for temporary release. The reasons for the initial detention order remain strong.  He has no medical condition that increases his risk for COVID-19, and the COVID-19 situation at CTF appears to be improving, not escalating.

## **ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is, this 18th day of June, 2020, hereby ORDERED that Dominic England's Motion to Reconsider Motion for Detention Hearing, ECF No. 23, is denied.


_____/S/_____
Deborah L. Boardman
United States Magistrate Judge