IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-20-75 |
| DOMINIC ENGLAND, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Before this Court is the Defendant Dominic England's *pro se* Motion for Compassionate Release (ECF No. 175), which was filed on September 3, 2021, as well as a *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 198), which was filed on February 15, 2024. In brief, and for the reasons explained below, Defendant Dominic England's *pro se* Motion for Compassionate Release (ECF No. 175) is DENIED AS MOOT; and his *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 198) is DENIED.

## BACKGROUND

On May 27, 2021, England pled guilty to one count conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count One of the Superseding Indictment). (ECF No. 142.) While England's Sentencing Guideline range was 84 months to 105 months of imprisonment, based on an offense level of 23 and a criminal history category of V, (ECF No. 155), as part of the plea agreement, the parties agreed to a sentence of 84 months of imprisonment within the plea agreement. (ECF No. 142.) On September 2, 2021, this Court sentenced England to 84 months as to Count One. (ECF No.

173.)  He was released from federal custody on March 12, 2025.  *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/# (search by register number 65385-037).  Prior to his release, he filed the pending *pro se* motions (ECF Nos. 175, 198).

## ANALYSIS

England's pending *pro se* motions[1] are discussed in turn below.

### I.    Motion for Compassionate Release

In his Motion for Compassionate Release (ECF No. 175), England requested early release from custody.  While the motion was pending, Defendant was released.  *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/# (search by register number 65385-037).  As such, the Court can no longer grant Defendant's requested relief.  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The Fourth Circuit Court of Appeals has determined that requests for compassionate release under § 3582 are rendered moot when an inmate is released.  *See United States v. Banks-Davis*, No. 21-6550, 2021 U.S. App. LEXIS 31869, 2021 WL 4936206, at *1 (4th Cir. Oct. 22, 2021) (citing *United States v. Chestnut*, 989 F.3d 222, 224–25 (2d Cir. 2021)); *see also United States v. Jackson*, No. 22-7140, 2023 U.S. App. LEXIS 19100, 2023 WL 4758733, at *1 (4th Cir. July 26, 2023) ("Because Jackson has already served his term of imprisonment, there is no longer a live controversy regarding the orders denying his motions for compassionate

---

[1] Defendant has filed his submissions *pro se*.  Such filings will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

release and for reconsideration."). Accordingly, Defendant's *pro se* Motion for Compassionate Release (ECF No. 175) is DENIED AS MOOT.

## II. Amendment 821 Motion

Through his *pro se* Amendment 821 Motion (ECF No. 198), England seeks a sentence reduction. Ordinarily, a federal court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This "rule of finality," however, is subject to a few narrow exceptions," *Freeman v. United States*, 564 U.S. 522, 526 (2011), such as 18 U.S.C. § 3582(c)(2), which permits a court to lower the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if a reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable. *Dillon v. United States*, 560 U.S. 817, 826 (2010). One such retroactive amendment is Amendment 821 to the Sentencing Guidelines. Amendment 821 is a multi-part amendment. As relevant here, Part A limits the criminal history impact of "status points"—i.e., criminal history points assigned to defendants for committing an offense while under a criminal justice sentence—on a defendant's criminal history calculation. For defendants sentenced before the amendment, Part A instructs courts: (1) to remove one status point for individuals with seven or more criminal history points and (2) to eliminate status points for those with six or less criminal history points. *See* U.S.S.G. § 4A1.1(e).

England is ineligible for a sentence reduction under Part A of Amendment 821, as he

did not receive any status points under § 4A1.1(d). (ECF No. 155.) Accordingly, his *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 79) is DENIED.

## CONCLUSION

It is hereby ORDERED this 10th day of July, 2025, that:

(1) Defendant Dominic England's Motion for Compassionate Release (ECF No. 175) is DENIED AS MOOT; and

(2) Defendant Dominic England's Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 79) is DENIED.

                                                        /s/
                                                  Richard D. Bennett
                                                  United States Senior District Judge